KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment in part and dissenting in part.
The parties presented only one issue for us to resolve regarding Dr. Nelson’s breach of contract claim: whether the district court erred by concluding that Dr. Carriere’s letter was inadmissible hearsay. It is clear that the district court erred. Dr. Carriere’s letter was “offered against a party and is ... a statement by the party’s agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship,” FED. R. EVID. 801(d)(2)(D), and was thus admissible non-hearsay. Cf. Beck v. Haik, 377 F.3d 624, 638-40 (6th Cir.2004); Carter v. Univ. of Toledo, 349 F.3d 269, 272, 274-76 (6th Cir.2003).
The majority sidesteps this issue, however, and goes out of its way to dispose of Dr. Nelson’s claim. First, the majority faults Dr. Nelson for not submitting a copy of her contract, a condition which, however wise trial practice it might be, both the Federal Rules of Evidence and precedent make clear is not required. See FED. R. EVID. 1004(3); Woods v. Lecureux, 110 F.3d 1215, 1223 (6th Cir.1997); Backstrom Dombrock v. CIR, No. 97-1840, 1998 WL 808239, at *2, *4 (6th Cir. Nov.12, 1998) (unpublished opinion); Neville Constr. Co. v. Cook Paint & Varnish Co., 671 F.2d 1107, 1110-11 (8th Cir.1982). The majority then concludes that, without a copy of the contract, Dr. Carriere’s letter was “no more than a scintilla of evidence” of the relevant contractual provisions. This conclusory assertion is unsupported and unsupportable. Dr. Carriere’s letter stated: “The Faculty Handbook, which the President continually notes in the Faculty Appointment Contract, is ‘herewith incorporated by reference and made a part of this contract,’ makes it quite clear that only information presented by the Dean, Department Chair, and the Faculty’s response, can be used in decisions on advancement.” 3 Joint Appendix at 391. The majority somehow concludes that, without a copy of the relevant contract provisions, a reasonable jury could not conclude from Dr. Carriere’s letter that *458 Dr. Nelson’s contract required exactly what the letter said it did — “that only information presented by the Dean, Department Chair, and the Faculty’s response, can be used in decisions on advancement.” Cf. Neville Constr. Co., 671 F.2d at 1110— 11 (concluding that a witness’s testimony could be used to prove the contents of a warranty contained in a destroyed brochure). Thus, it is improper simply to dispose of Dr. Nelson’s breach of contract claim. I respectfully dissent.